UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WALTER JAMES KUBON, et al.,<br>Defendants. | Case No. 18-cv-04788-PJH<br><br>**ORDER RE MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 14, 18 |

Before the court is defendants Walter Kubon and Vally Kubon's (the "Kubons") motion to dismiss the complaint and plaintiff United States of America's (the "government") motion to dismiss the Kubons' counterclaims. The matter is briefed and suitable for decision without oral argument. Accordingly, the hearing set for November 28, 2018, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

On August 8, 2018, the government commenced civil action against pro se defendants Water James Kubon and Vally Kubon (the "Kubons"). The government seeks to reduce to judgment outstanding federal tax assessments against the Kubons for tax years 2002, 2003, and 2004, and to foreclose associated federal tax liens securing those tax assessments upon real property located at 560 Hobie Lane, San Jose. Dkt. 1, Compl. ¶ 1. On September 5, 2018, the Kubons filed an Answer and filed counterclaims against the IRS, nine of its employees, and three United States Attorneys, including the attorney representing the government in this action. Dkt. 10 at 5.

Subsequently, the government moved to dismiss the Kubons' counterclaims and

the Kubons moved to dismiss the complaint on September 20 and October 5, 2018, respectively. After defendants failed to file an opposition to the government's motion, the magistrate judge initially assigned to this action issued an order to show cause directing the Kubons to explain their failure to respond and to submit an opposition or notice of non-opposition by October 19, 2018. Dkt. 20. The Kubons failed to file any response.

The Kubons' motion to dismiss raises run-of-the-mill "tax protestor," tax avoider, or "sovereign citizen"-related arguments. Like the Ninth Circuit and numerous other courts, this court "finds that [those] arguments are not legitimate legal arguments but rather frivolous and nonsensical recitations of previously rejected arguments brought by other litigants hoping to avoid tax liability." United States v. Schmidt, No. C16-985RSL, 2017 WL 3385864, at *2 (W.D. Wash. Aug. 7, 2017). Because the Kubons' counterclaims depend on those same arguments, the court can summarily dispose of both motions.[1]

The Kubons' particular version of the oft-rejected tax avoider argument boils down to essentially three contentions: (1) direct taxes are unconstitutional; (2) the IRS has no authority to enforce the tax laws; and (3) as citizens of California, as opposed to citizens of some federal territory, the Kubons are not required to pay federal taxes. The Ninth Circuit has rejected each argument.

First, the Kubons' "arguments regarding the Sixteenth Amendment to the Constitution defy longstanding precedent." Schmidt, 2017 WL 3385864, at *2.

> For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens.

In re Becraft, 885 F.2d 547, 548 (9th Cir. 1989).

Second, "[t]he IRS is statutorily authorized to impose an income tax on United

---

[1] The Kubons' failure to oppose the motion to dismiss their counterclaims provides an independent basis for dismissal. See Farraj v. Cunningham, 659 F. App'x 925, 927 (9th Cir. 2016) ("We affirm the district court's dismissal of Farraj's complaint based on his failure to oppose the motions to dismiss.").

States citizens who reside in the United States and whose income is derived from domestic sources." United States v. White, 921 F.2d 282, *1 (9th Cir. 1990) (table opinion); Moyes v. United States, No. 1:10MC000-21SKO, 2010 WL 3432246, at *3 (E.D. Cal. Aug. 31, 2010) ("[T]he IRS has been established by positive law because it was created through a congressionally mandated power, and the Commissioner of the IRS has redelegated the granted authority to issue and serve summons to revenue agents.").

Third, the argument that the United States has jurisdiction over only Washington, D.C., the federal enclaves within the states, and the territories and possessions of the United States "has no semblance of merit." In re Becraft, 885 F.2d at 550 n.2; United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) ("[W]e reject appellants' contention that they are not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation."); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (characterizing taxpayer's claim he is not subject to federal tax laws as citizen of "Republic of Idaho" as "patently frivolous").[2]

For the foregoing reasons, the government's motion to dismiss the Kubons' counterclaims is GRANTED WITH PREJUDICE and the Kubons' motion to dismiss the complaint is DENIED.

**IT IS SO ORDERED.**

Dated: November 14, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[2] In addition, the Kubons' counterclaims must be dismissed because the Kubons have failed to establish subject matter jurisdiction by identifying an explicit waiver of sovereign immunity by the federal government. Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1016 (9th Cir. 2007). Moreover, the counterclaims are subject to dismissal under Rule 12(b)(6) because the pleading is devoid of factual allegations and thus fails to state a claim.