UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER JAMES KUBON, et al.,<br><br>Defendants. | Case No. 18-cv-04788-PJH<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 55 |

Before the court is plaintiff the United States of America's (the "government" or the "United States") motion for summary judgment. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 15, 2019, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the government's motion.

## BACKGROUND

On August 8, 2018, the government commenced this action against defendants Walter James Kubon (also known as Walter James Kubon, Jr., hereinafter, "Walter Kubon"), Vally Kubon (together with Walter Kubon, the "Kubons"), and the State of California Franchise Tax Board ("FTB"). Seeking relief for unpaid taxes, the government's complaint asserts two causes of action: (1) to reduce to judgment outstanding federal tax assessments against the Kubons for tax years 2002, 2003, and 2004, and (2) to foreclose associated federal tax liens securing those tax assessments upon the real property located at 560 Hobie Lane, San Jose, California 95127 (the "property").

Specifically, the government, through the Internal Revenue Service (the "IRS"), made separate assessments against Walter Kubon and Vally Kubon for their individual 2002 federal income tax liability, along with penalties and interest through December 1, 2017, for $390,110.99 and $367,668.60, respectively. Dkt. No. 55-1, 55-2 (Exs. 1-2). The IRS also made assessments against the Kubons' for unpaid joint federal income tax liabilities in the amount of $96,910.60 for 2003 and $80,586.28 for 2004, including all penalties and interest thereon, as of December 1, 2017. Dkt. No. 55-2, 55-3 (Exs. 3-4). Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens arose in favor of the United States upon all property and property rights belonging to the Kubons as of the dates of the assessments. Notices of those federal tax liens were filed with the Santa Clara County Recorder. Dkt. Nos. 55-5 - 55-11 (Exs. 5-11).

In accordance with 26 U.S.C. § 7403, when the government filed its complaint, it named the FTB as a party who may claim an interest in the property. Dkt. No. 52 ¶ 7. The FTB's Answer to the government's complaint alleges that the Kubons, either individually or jointly, are indebted to the FTB for delinquent taxes, interests, penalties, and costs for the 1999, 2000, 2001, 2002, and 2007 tax years, totaling $166,208.41. Dkt. No. 27 ¶ 11. The FTB and the government subsequently stipulated to the priority positions of their respective liens, Dkt. No. 31, and the court approved and entered that stipulation. Dkt. No. 32.

## DISCUSSION

### A. Legal Standard

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The moving party for summary judgment bears the initial burden of identifying

those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Id. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. Id.

At summary judgment, the court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. See Tolan v. Cotton, 134 S. Ct. 1861, 1865 (2014); Leslie v. Grupo ICA, 198 F.3d 1152, 1158 (9th Cir. 1999).

**B.  Analysis**

"In an action to collect taxes, the government bears the burden of proof." United States v. Stonehill, 702 F.2d 1288, 1293 (9th Cir.1983). An assessment for unpaid federal taxes is presumptively correct evidence of a taxpayer's liability and satisfies the government's initial burden of proof, and its introduction establishes a prima facie case. Id.; United States v. Molitor, 337 F.2d 917, 922 (9th Cir.1964). "The defendant taxpayer then has the burden to prove the assessment is incorrect, and he or she may introduce evidence to overcome the assessment." United States v. Beary, No. C 06-5838 PJH, 2007 WL 2712217, at *5 (N.D. Cal. Sept. 14, 2007); see also Molitor, 337 F.2d at 922-23. If the taxpayer rebuts the presumption, it disappears. To rebut that presumption, the taxpayer must show the assessment is "arbitrary or erroneous." Stonehill, 702 F.2d at 1294. If the taxpayer meets her burden, the burden shifts back to the government to "maintain and establish the correctness of the assessment by sufficient and competent evidence." Molitor, 337 F.2d at 923; Beary, 2007 WL 2712217, at *5.

Here, the government has submitted certificates of assessments and payments and notices of federal tax liens, which are admissible into evidence pursuant to Rules

3

803(8) and 902(1) of the Federal Rules of Evidence and are the proper means of establishing the facts of the administrative assessment, notice, and demand for payment. See Exs. 1-4 (assessments); Exs. 5-11 (liens); see also Beary, 2007 WL 2712217, at *5. The certificate of assessments and payments set forth the assessments and payments for each of the tax periods and years at issue. Exs. 1-4. The evidence shows that the assessments were made, and that notice and demand was made on the taxpayers for those liabilities. The Kubons have submitted no evidence showing that the assessments are incorrect or disputed. Because defendants have failed to rebut the government's prima facie case of tax liability, the government has established the Kubons' tax liability.

Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens arise in favor of the United States upon all property and property rights belonging to the taxpayers as of the dates of the assessments. See also United States v. Turner, No. CIV.99-00817SOM-FIY, 2000 WL 1728304, at *4 (D. Haw. Oct. 6, 2000); Bank of America Nat'l Trust & Sav. Asso. v. Mamakos, 509 F.2d 1217, 1219 (9th Cir.1975); Drye v. United States, 528 U.S. 49, 56 (1999) (language in § 6321 "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have"). Here, the evidence shows that assessments were made against the Kubons, tax liens arose, and notices of federal tax liens were recorded with the Santa Clara County Recorder's Office. There is no evidence suggesting the Kubons have paid those liabilities.[1]

After the district court adjudicates the merits of the United States' claim to the property, it may decree a sale of the property and order distribution of the proceeds from that sale. 26 U.S.C. § 7403(c); United States v. National Bank of Commerce, 472 U.S. 713, 719–20 (1985); 28 U.S.C. § 2001(a) (allowing the court to set the terms and conditions of the sale of real property). Although the court is not required to foreclose tax liens, the Supreme Court has emphasized that "the limited discretion accorded by § 7403 should be exercised rigorously and sparingly, keeping in mind the Government's

---

[1] The Kubons' response to the government's motion consists solely of run-of-the-mill tax protester arguments that entirely lack merit.

4

paramount interest in prompt and certain collection of delinquent taxes." United States v. Rodgers, 461 U.S. 677, 711 (1983). "In exercising its discretion, a court should not order a property's sale, where the government will not benefit from it." United States v. Moyer, No. C 07-00510 SBA, 2008 WL 3478063, at *10 (N.D. Cal. Aug. 12, 2008). The Kubons have presented no evidence that such an exception applies in this case. Therefore, the government is entitled to a decree of foreclosure sale of the property under § 7403.

## CONCLUSION

For the foregoing reasons, the government's motion for summary judgment is GRANTED and the court ORDERS (1) that the Kubons' federal income tax liabilities and associated penalties plus interest be reduced to judgment, (2) the federal tax liens against the Kubons shall be and are hereby foreclosed against the property, and (3) the sale of the property. Entry of Judgment and a separate Order of Foreclosure and Judicial Sale will follow.

**IT IS SO ORDERED.**

Dated: May 2, 2019

PHYLLIS J. HAMILTON
United States District Judge