UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:18-cv-04788-PJH |
| Plaintiff, | |
| v. | [PROPOSED] ORDER OF FORECLOSURE AND JUDICIAL SALE |
| WALTER JAMES KUBON, aka WALTER JAMES KUBON JR., VALLY KUBON, STATE OF CALIFORNIA FRANCHISE TAX BOARD | |
| Defendants. | |

Pursuant to the Judgment entered by this Court in favor of the United States of America and against Walter James Kubon aka Walter James Kubon, Jr. (hereafter "Walter Kubon"), and Vally Kubon, and the Stipulation between the United States of America and the Franchise Tax Board ("FTB"), approved and entered by this Court, and pursuant to 28 U.S.C. §§ 2001 and 2002, and 26 U.S.C. §§ 7402 and 7403, the Court hereby orders as follows:

1. On May 2, 2019, the Court entered a judgment in favor of the United States and against Walter Kubon and Vally Kubon, for their federal tax liabilities, described in Paragraphs 1, 2 and 3 of the Judgment, calculated through December 1, 2017, in the total amount of $935,276.47, plus such additional statutory additions, including interest, as continue to accrue pursuant to law until paid in full.

2. The subject real property upon which foreclosure is sought is located at 560 Hobie Lane, San Jose, California 95127, and is described in the office of the County Recorder of Santa Clara County, California, as follows:

LOT 13, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "TRACT NO. 5325 PRINCESS HIGHLANDS UNITED NO. 3" WHICH MAP WAS FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, ON JUNE 4, 1973 IN BOOK 324 OF MAPS, AT PAGES 17 AND 18.

EXCEPTING THEREFROM THE UNDERGROUND WATER RIGHTS, WITH NO RIGHT OF SURFACE ENTRY AS GRANTED BY LEWIS T. TOUCHSTONE TO SAN JOSE WATER WORKS, A CALIFORNIA CORPORATION BY INSTRUMENT DATED JULY 9, 1973, RECORDED JULY 11, 1973, IN BOOK 0464, PAGE 195, SERIES NO. 4559297, OFFICIAL RECORDS, SANTA CLARA COUNTY, CALIFORNIA.
560 HOBIE LN.
SAN JOSE, CA 95127

3. Section 7403 of Title 26 (U.S.C.) entitles the United States to enforce its liens against the subject property in order to apply the sale proceeds towards the tax liabilities of Walter Kubon and Vally Kubon.

4. The United States' tax liens against the subject property are hereby foreclosed. The United States Marshal for the Northern District of California, his representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the subject property, free and clear of the right, title, and interest of Walter Kubon and Vally Kubon, FTB, and the United States, and any successors in interest or transferees of those parties. The United States may choose either the United States Marshal or a PALS to carry out the sale under this Order of Foreclosure and Judicial Sale and shall make the arrangements for any sale as set forth in this Order.

5. The United States Marshal for the Northern District of California, his representative, or a PALS representative is authorized to have free access to the subject property, and to take all actions necessary to preserve the subject property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the subject property, until the deed to the subject property is delivered to the ultimate purchaser.

6. The terms and conditions of the sale shall be:
   a. Except as otherwise stated herein, the sale of the subject property shall be sold by public auction to the highest bidder, free and clear of all liens and interests.

b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

c. The sale shall be held at the courthouse of the borough or city in which the subject property is located, on the subject property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

d. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in San Clara County, California, and, at the discretion of the Marshal, his/her representative, or a PALS, by any other notice deemed appropriate. State law notice requirements for foreclosures or execution sales do not apply to this sale under federal law. The notice shall contain a description of the subject property and shall contain the material terms and conditions of sale in this Order of Foreclosure and Judicial Sale.

e. The minimum bid will be set by the Internal Revenue Service for the subject property. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder.

f. The successful bidder for the subject property shall be required to deposit at the time of the sale with the Marshal, his representative, or a PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Northern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal, his representative, or a PALS proof that they are able to comply with this requirement. No bids will be received from any persons who have not presented proof that, if they are the successful

[PROPOSED] ORDER OF FORECLOSURE 3
AND JUDICIAL SALE
Case No. 4:18-cv-04788-PJH

1  bidders, they can make the deposit required by this Order of Foreclosure and
2  Judicial Sale.

    g.  The balance of the purchase price for the subject property is to be paid to the Marshal, his representative, or a PALS (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Northern District of California. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the tax liabilities of Walter Kubon and Vally Kubon, at issue herein. The subject property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale, or, in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash.

    h.  The sale of the subject property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale, within thirty (30) days from the date of receipt of the balance of the purchase price.

    i.  Upon confirmation of the sale, the Marshal or PALS shall promptly execute and deliver a deed of judicial sale conveying the sold subject property to its purchaser.

    j.  Upon confirmation of the sale, all interests in, liens against, or claims to, the sold subject property that are held or asserted by all parties to this action or any successors in interest or transferees of those parties shall attach to the net proceeds of the sale to the same extent, validity, and priority as they attached to the subject property. Upon confirmation of the sale, all interests in, liens against, or claims to, the sold subject property that are held or

asserted by all parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished with respect fo the subject property only. The sale is ordered pursuant to 28 U.S.C. § 2001. Redemption rights under state law shall not apply to this sale under federal law.

    k. Upon confirmation of the sale, the purchaser shall have the Santa Clara County Clerk and Recorder record the transfer of the sold subject property upon that county's register of title.

7. Until the subject property is sold, Walter Kubon and Vally Kubon, shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy.  Walter Kubon and Vally Kubon shall neither commit waste against the subject properties nor cause nor permit anyone else to do so. Walter Kubon and Vally Kubon shall neither do anything that tends to reduce the value or marketability of the subject property nor cause or permit anyone else to do so. Walter Kubon and Vally Kubon shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

8. All persons occupying the subject property shall leave and vacate the subject property permanently within thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the subject property). If any person fails or refuses to leave and vacate the subject property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether

or not the sale of such subject property is being conducted by a PALS. Specifically, the Marshal is authorized and directed to take all actions necessary to enter the subject property at any time of the day or night and evict and eject all unauthorized persons located there, including Walter Kubon and Vally Kubon and/or any other occupants. To accomplish this and to otherwise enforce this Order, the United States Marshal shall be authorized to enter the subject properties and any and all structures and vehicles located thereon, and to use force as necessary. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from each subject property, he shall relinquish possession and custody of the subject property to the Internal Revenue Service, or its designee. No person shall be permitted to return to the subject property and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Attorney's Office, or their respective representatives and/or designees. Unauthorized persons who re-enter each subject property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

9. If any person fails or refuses to remove his or her personal property from the subject property by the time specified herein, the personal property remaining on the subject property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

10. The Marshal, his representative, or a PALS shall deposit the amount paid by the purchaser into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following partial order of preference until these expenses and liens are satisfied:

    a. First to the IRS or the Marshal, for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain

        the relevant Subject Property pending sale and confirmation by the Court;

    b. Second, to the Santa Clara County Treasurer, for any and all liens it may have on the subject property for unpaid real property taxes or special assessments at the time of the sale; and

    c. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

IT IS SO ORDERED this 2nd day of May, 2019.

_____
HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE