UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WALTER JAMES KUBON, et al.,<br>Defendants. | Case No. 18-cv-04788-PJH<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT**<br>Re: Dkt. No. 73 |

On May 2, 2019, this court granted plaintiff's motion for summary judgment, Dkt. 66, and entered a corresponding judgment, Dkt. 67. On May 17, 2019, defendants Walter James Kubon (also known as Water James Kubon, Jr.) and Vally Kubon (the "Kubons" or "defendants") filed a notice of appeal of that order and/or judgment. Dkt. 70. On May 20, 2019, defendants filed a motion to vacate the court's May 2, 2019 summary judgment order and the corresponding judgment. Dkt. 73.[1] On May 21, 2019, the Ninth Circuit docketed defendants' appeal. Dkt. 72. That appeal is still pending.

"As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997) (citations omitted). For that reason, a district court lacks jurisdiction to entertain a Rule 60(b) motion filed after a notice of appeal regarding that same judgment. See Katzir Floor & Home Design, Inc. v. M–MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or

---

[1] On May 14, 2019, defendants filed a document tiled "Mandatory Judicially Noticed Prima Facie Evidence," which also references Federal Rule of Civil Procedure 60(b).

to grant it, and then move [the Court of Appeal], if appropriate, for remand of the case." Williams v. Woodford, 384 F.3d 567, 586 (9th Cir.2004) (internal quotation marks omitted). Defendants have not observed that procedure. As a result, this court lacks jurisdiction to resolve the motion. See Katzir Floor, 394 F.3d at 1148 (vacating the district court's denial of a Rule 60(b) motion on the grounds that it lacked jurisdiction). Defendants' motion therefore must be DISMISSED.

Even if defendants had followed the proper procedure, the court would not be inclined to entertain, much less grant, defendants' motion. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Here, as best the court can tell, defendants' motion largely raises the same arguments this court previously rejected. That too is generally improper. Moreover, those arguments do not qualify as a ground for vacatur of judgment under any part of Rule 60(b).

For the foregoing reasons, defendants' motion to vacate judgment is DISMISSED and all related briefing deadlines are VACATED.

**IT IS SO ORDERED.**

Dated: May 24, 2019

PHYLLIS J. HAMILTON
United States District Judge