UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WALTER JAMES KUBON, et al.,<br>Defendants. | Case No. 18-cv-04788-PJH<br><br>**ORDER**<br>Re: Dkt. Nos. 76, 79 |

Before the court are two motions filed by pro se defendants Walter James Kubon Jr. and Vally Kubon (the "defendants" or the "Kubons"). First, on May 23, 2019, defendants filed a motion to recuse or disqualify the undersigned pursuant to 28 U.S.C. §§ 144 & 455. Dkt. 76. Second, on June 10, 2019, defendants filed a "motion to show cause," which appears to challenge this court's jurisdiction over defendants and seeks dismissal of the action. Dkt. 79. Plaintiff the United States of America (the "government") failed to file a timely opposition to the former motion but did later file an opposition attached to an administrative motion seeking a belated extension of the government's time to respond. Dkt. 80. The government did not file an opposition to the second motion and the court has not received any replies from the Kubons. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES both of defendants' motions.

**BACKGROUND**

On August 8, 2018, the government commenced this unpaid taxes-related action against the defendants. Dkt. 1. On March 29, 2019, the government moved for summary judgment on both of its causes of action. Dkt. 55. The Kubons' only response to that

motion—and indeed the Kubons' only arguments throughout this litigation—consisted of oft-rejected tax avoider arguments that entirely lack merit. See Dkts. 34, 59, 66. May 2, 2019, the court granted the government's motion and entered judgment against the Kubons, thereby reducing to judgment the outstanding federal tax assessments and foreclosing the associated federal tax liens upon the defendants' real property. Dkt. 66.

After the Kubons appealed the court's order and judgment, Dkt. 72, the Kubons moved this court to vacate the judgment. Dkt. 73. The court denied that motion because the court lacked jurisdiction to consider aspects of the case that were already on appeal. See Dkt. 75.

**DISCUSSION**

**A.     Motion to Show Cause**

As best the court can tell, defendants' motion to show cause argues that this court lacks subject-matter jurisdiction and lacks personal jurisdiction over the defendants. Defendants do not reference any specific cognizable reason why this court might lack personal or subject-matter jurisdiction, but instead insist that the court must show why it has jurisdiction. The court lacks jurisdiction to consider the Kubons' subject-matter jurisdiction-related arguments because they hinge on the belief that the federal tax laws do not apply to the Kubons, which is an issue already on appeal. See Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997). As to personal jurisdiction, the Kubons have presented no evidence (nor any assertion) that they do not reside within this judicial district or that the tax liabilities that are the subject of this suit did not arise within this judicial district. Similarly, the real property that the government sought to secure the tax assessments upon is located in this judicial district. Based on those facts, which the Kubons do not contest, the court has personal jurisdiction over the Kubons.

Accordingly, the Kubons' "motion to show cause" is DENIED.

**B.     Motion to Disqualify**

Next, defendants move to disqualify the undersigned under 28 U.S.C. §§ 144 and 455. Defendants' argument on this front again raises a number of issues that this court

lacks jurisdiction to consider because of defendants' pending appeal. As best the court can tell, defendants' forty-eight page filing raises only four new arguments: (1) The court's prior denial of the Kubons' motion to dismiss "amount[ed] to libel and slander," which may reasonably be perceived as the undersigned harboring prejudice or bias against the defendants; (2) The undersigned "lied" to Walter Kubon when she stated that he could not represent his wife, Vally Kubon; (3) The undersigned believes that "she has jurisdiction over anyone and everyone," rather than, according to defendants, just "federal employees and [ ] matters related to the District of Columbia and the 'Federal Zone;'" and (4) The undersigned, according to the Kubons, "has conspired with [the] United States Attorney's" and "is involved in a conspiracy to maliciously prosecute the" defendants. Those arguments lack any basis in fact and, in any event, do not constitute grounds for judicial disqualification or recusal.

The standard for disqualification under § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Court for Cent. Dist. of California, 428 F.3d 1175, 1178 (9th Cir. 2005). Unlike a motion to disqualify under 28 U.S.C. § 144, § 455 has no procedural requirements and includes no provision for the referral of the question of recusal to another judge. See United States v. Sibla, 624 F.2d 864, 867–68 (9th Cir. 1980). Thus, the decision regarding disqualification under § 455 is made by the judge whose impartiality is at issue. See In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

Here, the court finds that the defendants have failed to demonstrate any reason for recusal or disqualification under § 455. Defendants' first, second, and third arguments essentially challenge this court's prior rulings. That is not enough: "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986); Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias."). As to the fourth argument, defendants' factually unsupported assertion that the undersigned is engaged in a conspiracy with the plaintiff or the U.S.

1 Attorney's Office is insufficient to suggest impartiality or bias on the part of the
2 undersigned. Clemens, 428 F.3d at 1180 ("Section 455(a) does not require recusal
3 based on speculation."); Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir.1993)
4 (recusal not warranted under § 144 or § 455 based on speculation). Accordingly,
5 defendants' motion for recusal of the undersigned under § 455 is DENIED.

As to defendants' § 144 motion for disqualification, the applicable standard remains the same. See Sibla, 624 F.2d at 867; Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008), abrogated on other grounds by Simmons v. Himmelreich, 136 S. Ct. 1843, 195 L. Ed. 2d 106 (2016). However, the procedural requirements under § 144 are somewhat different. Section 144 "expressly conditions relief upon the filing of a timely and legally sufficient affidavit." Sibla, 624 F.2d at 867. If the judge to whom the motion is directed finds that the party has satisfied that procedural requirement, "the motion must be referred to another judge for a determination on the merits." Id. Here, the court finds that the defendants have neither filed a timely nor sufficient affidavit.

As to the timeliness requirement, § 144 states that a party's motion "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28 U.S.C. § 144; Molina v. Rison, 886 F.2d 1124, 1131 (9th Cir. 1989) ("It is well established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 . . . must be made in a timely fashion."). Here, the Kubons were aware of at least one of the bases for the present motion nearly eight months ago, when the court denied the Kubons' motion to dismiss. See Dkt. 34. The present motion is also untimely—and perhaps unripe—because judgment has already been entered and the Kubons' appeal remains pending. As the Kubons have not attempted to explain or show good cause for the delay, the motion is untimely under § 144. See Tringham v. Ponce, No. CV 17-08145 SJO, 2018 WL 6242162, at *1 (C.D. Cal. Jan. 12, 2018) (finding § 144 motion untimely where movant knew of reasons for recusal for more than one year); Hall v. California Dep't of Soc. Servs., No. 2:14-CV-0745-KJM-EFB, 2016 WL 10649280, at *2 (E.D. Cal. Dec. 8,

4

2016) (§ 144 motion untimely due to eleven-month delay).

Nor have the Kubons submitted a "sufficient affidavit" in compliance with § 144. An affidavit filed pursuant to § 144 "is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice toward a party that stems from an extrajudicial source." Sibla, 624 F.2d at 867. As discussed above, three of the Kubons' four arguments for disqualification stem directly from the undersigned's decisions in this action. And the fourth, defendants' "conspiracy" assertion, amounts to rank speculation that lacks any factual support and thus is insufficient to support recusal or disqualification. See Clemens, 428 F.3d at 1180; Yagman, 987 F.2d at 626.

Accordingly, because defendants' § 144 motion is untimely and the affidavit insufficient, the motion is DENIED.

**CONCLUSION**

For the foregoing reasons, the defendants' "motion to show cause" and motion to disqualify are DENIED.[1]

**IT IS SO ORDERED.**

Dated: July 10, 2019

PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court DENIES the government's administrative motion to late file their opposition to defendants' motion to disqualify. The government's lone assertion that it "inadvertently failed to file an opposition" does not constitute "excusable neglect" under Rule 6(b).

5