UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER JAMES KUBON, et al.,<br><br>Defendants. | Case No. 18-cv-04788-PJH<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE**<br><br>Re: Dkt. No. 125 |

Before the court is plaintiff's motion to strike defendants' petition to vacate a void judgment. Defendants did not file an opposition by the court's deadline. Having read the papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion to strike.

Federal Rule of Civil Procedure 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal citation and quotation marks omitted). Motions to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

Defendants previously challenged and appealed this court's May 2, 2019 judgment, and the Ninth Circuit affirmed this court's ruling. Dkt. Nos. 98, 99. As such,

1  defendants' petition to vacate this judgment as void is without merit and has no bearing
2  on the subject matter in this litigation.  Accordingly, the court STRIKES defendants'
3  petition.
4  **IT IS SO ORDERED.**
5  Dated: April 25, 2022

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge